# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06CV129

| | |
|---|---|
| LAVONNE A. LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JOANNE B. BARNHART, | ) |
| Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion for Summary Judgment" (Document No. 11) and "Plaintiff's Brief Supporting Motion for Summary Judgment" (Document No. 12), filed February 2, 2007; and the Defendant's "Motion for Summary Judgment (Document No. 13) and "Memorandum in Support of the Commissioner's Decision" (Document No. 14), filed April 3, 2007. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned will <u>deny</u> Plaintiff's Motion for Summary Judgment, <u>grant</u> the Commissioner's Motion for Summary Judgment, and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

On September 13, 2002, Plaintiff applied for a period of disability, Disability Insurance Benefits and Supplemental Security Income, alleging that she became disabled on October 24, 2000

as a result of fibromyalgia, chronic pain and anxiety-related disorders. Plaintiff's claim was denied initially and then again on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held June 9, 2005. Plaintiff amended her alleged onset date of disability to November 2001. On July 28, 2005, the ALJ issued an opinion denying Plaintiff's claim. Subsequently, Plaintiff filed a Request for Review of Hearing Decision. On March 2, 2006, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on March 20, 2006, and the parties' cross-motions for summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Perales, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by

substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] The ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from fibromyalgia and depression/anxiety-related disorders, all of which are "severe" impairments within the regulatory meaning, but that no impairment or combination of impairments meets or medically equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff has not engaged in substantial gainful

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

activity since the alleged onset of disability; that Plaintiff retains the residual functional capacity to perform "light" work which involves simple, routine, repetitive tasks; that Plaintiff is further limited to jobs with low stress and a clean work environment; that Plaintiff has more than a high school education; that Plaintiff is a younger individual; that Plaintiff has transferable skills from semi-skilled work previously performed; that Plaintiff is not able to return to her past relevant work; but that, based upon her residual functional capacity, Plaintiff could perform work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined for Social Security purposes.

Plaintiff contends on appeal that the substantial weight of the evidence does not support the ALJ's finding that she was not disabled. Specifically, Plaintiff claims that the ALJ erred in failing to include in his decision a narrative discussion to support and explain the conclusions reached in the residual functional capacity ("RFC") assessment. While certainly it is important that the ALJ provide an adequately detailed explanation of his conclusions, the ultimate issue here is whether there is substantial evidence to support the ALJ's determination of the Plaintiff's RFC. The undersigned concludes that the ALJ's treatment of medical records from Plaintiff's treating physicians, evidence from the non-treating physicians, consultative psychiatric examinations, and the Plaintiff's subjective complaints of pain were proper. The undersigned further concludes that there is substantial evidence to support the ALJ's findings regarding Plaintiff's impairment, as well as the ultimate conclusion that Plaintiff was not disabled so as to preclude her from working.

The Social Security Regulations define "residual functional capacity" as what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545 (a). The Commissioner is required to

"first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

The ALJ's opinion clearly indicates that he did, in fact, consider whether Plaintiff's alleged impairments limited her ability to work. The ALJ evaluated evidence from a nurse practitioner, two consultative examinations by Dr. Augustus, evidence from treating physician, Dr. Becker, evidence from a treating source before the alleged onset date, evidence from a pain center, reports from two consultative psychiatric examinations, evidence of an emergency room treatment, and plaintiff's own testimony. From the entire record, the ALJ concluded that Plaintiff could perform a wide range of light work with simple, routine, repetitive tasks, where there would be low stress and a clean environment.

At the outset, the undersigned notes that none of Plaintiff's treating or examining physicians have opined that she is disabled from all work. In fact, Plaintiff's treating therapist at the Behavioral Health Center, Dr. Lynn Yarbrough, stated that "I simply do not have a basis for asserting she [Plaintiff] is psychiatrically disabled at this time." (Tr. 422). In addition, the ALJ's conclusion is consistent with the capacity assessments from the State Agency medical consultants. The DDS physicians and psychologists determined that Plaintiff is capable of light exertional work (Tr. 167) and simple, routine, repetitive tasks in a low stress environment. (Tr. 175). The ALJ's opinion is supported by the record, which indicates that Plaintiff is not disabled and can engage in some type of work activity.

Plaintiff's complaints of the severity of pain and limitations are not consistent with the

record. Plaintiff exhibited an irregular medical treatment regimen for addressing her condition. She was not taking any pain medications at the time of the May 2005 hearing. (Tr. 158). Moreover, Plaintiff reported not to be taking any pain medications at her June 2002 follow up appointment with Dr. Becker, and again in her April 2005 visit to the emergency room, where she claimed not to have taken medication for her fibromyalgia in two months. (Tr. 16).

In addition to the inconsistencies between the alleged severity of pain and her medication regimen, Plaintiff's medical records indicate some improvement in her condition over time. In June 2002, Dr. Becker reported that Plaintiff had normal ambulation, grossly normal strength and tone and exhibited only mild tenderness in her shoulder and back. (Tr. 387). Plaintiff's treatment from Southeast Pain Care resulted in improvements in her muscle strength and deep tendon reflexes. (Tr. 395). In December 2002, Dr. Augustus found that Plaintiff had a full range of motion of all joints and further noted that although Plaintiff walked with a limp, she did not require use of an assistive device. (Tr. 16). In a subsequent exam in May 2003, Dr. Augustus opined that Plaintiff is capable of performing on a limited basis in the work force. (Tr. 16.).

In regards to Plaintiff's depression and anxiety, as noted above, a treating therapist explicitly stated that she could not find that Plaintiff was psychiatrically disabled. Furthermore, the medical records show that Plaintiff was interactive, with only a slight defect in mood and affect. (Tr. 387). She was also noted to be oriented, adequately groomed, coherent and with an adequate fund of knowledge and intact memory. (Tr. 431-32, 439-40).

The record further indicates that Plaintiff engaged in significant daily activities during the time period in question. Plaintiff lives alone and is able to take care of her daily personal needs. (Tr. 17). Plaintiff also cares for her dogs, helps with the children when she is able to attend church, and

tries to walk on a regular basis. (Tr. 17). In addition, there is evidence that Plaintiff started a new job in January 2005, showing that she is able to participate in work activity. ( Tr. 17).

In short, the record in this case supports the ALJ's conclusion that although Plaintiff suffered from her impairments, she was not disabled from working during the time period in question. Based on the foregoing, the undersigned concludes that substantial evidence supports the ALJ's assessment of Plaintiff's RFC and the ultimate finding that Plaintiff was not disabled for Social Security purposes.

## V. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

The Plaintiff's "Motion for Summary Judgment" (Document No. 11), filed February 2, 2007, is **DENIED**; the Defendant's "Motion for Summary Judgment (Document No. 13), filed April 3, 2007, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

Signed: July 5, 2007

David C. Keesler
United States Magistrate Judge